UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ORLY TAITZ, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 10-0151 (RCL) |
| ) | |
| v. ) | |
| ) | |
| BARACK HUSSEIN OBAMA, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE
OPPOSITION TO MOTION TO INTERVENE**

Defendant, Barack H. Obama, respectfully requests leave, pursuant to Rule 6(b)(2), to file the attached opposition to the motion to intervene, (R.6), filed by Christopher Earl Strunk. This case arises out of the claims by Plaintiff that President Obama is ineligible for office. As explained in Defendant's memorandum in support of his pending motion to dismiss, (R.12-1), Plaintiff lacks standing to challenge the President's eligibility for office and her claims present nonjusticiable political questions reserved to the electorate in the first instance and Congress thereafter. In his motion to intervene, Strunk seeks to advance the same claims, although he arguably also relies on the Freedom of Information Act to compel production of Defendant's vital records. In a phone call on March 1, 2010, Strunk consented to this motion for leave. That same day, undersigned counsel called pro se Plaintiff at the number on the docket sheet and left a voice message asking for her position on this motion, but Plaintiff has not returned the call.

**Background:** Plaintiff filed her action on January 27, 2010, and served this Office on the same day. Accordingly, Defendant's answer or other response to her complaint is due March 29,

2010. Strunk filed his motion to intervene on February 2, 2010.  Under the Local Rules, Defendant's opposition to Strunk's motion was therefore due February 19, 2010.  However, in order to coordinate this Office's responses to the allegations in the complaint and Strunk's motion to intervene with Defendant's position in other similar cases, it was necessary to confer with other components within the Department of Justice prior to determining Defendant's position here, and these efforts were undermined by the recent inclement weather and undersigned counsel's appearance in a bench trial that took up most of the week of February 16-19, 2010.

**Legal Standard:** Because the deadline under the Local Rules has passed, this motion for leave to file is governed by Rule 6(b)(2), which authorizes the Court to permit late filing upon a showing of "excusable neglect." Fed. R. Civ. P. 6(b)(2).  "To meet the standard for excusable neglect, . . . counsel must show good faith, little or no prejudice to other parties, and a reasonable basis for not complying within the specified period." Wilson v. Feldman, No. 90-0263 (RCL), 1991 WL 197025 *1 (D.D.C. Sep. 18, 1991) (internal quotes omitted).  See generally Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 391 (1993) ("Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."); id. at 395 (defining "excusable" by looking to "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.").

**Argument:** Defendant's counsel acted in good faith by pursuing defense of this matter expeditiously under the circumstances and by calling both pro se Plaintiff and pro se movant about this motion. The circumstances included both the time lost due to inclement weather, preparation for and conduct of a bench trial, and the need for prior coordination with other components of the Department of Justice on this matter. Also relevant are the facts that these same claims have been unsuccessfully adjudicated several times before, with active involvement of Plaintiff, and there does not appear to be any reasonable basis to differentiate this case from the prior ones in terms of its likelihood of success on the merits. There is nothing about movant's request that appears time-sensitive, nor would this motion have any apparent affect on the Court's schedule because no hearings or other deadlines have been set. Finally, the short delay will not prejudice Plaintiff or movant.

For the foregoing reasons, Defendant respectfully asks the Court to grant his motion for leave to file his opposition to Strunk's motion to intervene.

March 2, 2010                                   Respectfully submitted,

                                                RONALD C. MACHEN JR., D.C. Bar #447889
                                                United States Attorney

                                                 /s/
                                                RUDOLPH CONTRERAS, D.C. Bar # 434122
                                                Assistant United States Attorney

                                                 /s/
                                                ALAN BURCH, D.C. Bar # 470655
                                                Assistant United States Attorney
                                                555 4th St., N.W.
                                                Washington, D.C. 20530
                                                (202) 514-7204, alan.burch@usdoj.gov

**Certificate of Service**

I hereby certify that I caused copies of the foregoing Motion for Leave to File Opposition to Motion to Intervene to be served by first class mail addressed to pro se Plaintiff at:

    Orly Taitz
    29839 Santa Margarita Parkway, Suite 100
    Rancho Santa Margarita, CA 92688

and on

    Christopher-Earl Strunk
    593 Vanderbilt Ave., #281
    Brooklyn, NY 11238

on this 2nd day of March 2010.

                                        /s/
                                      ALAN BURCH, D.C. Bar # 470655
                                      Assistant United States Attorney