Gov't Ex. 4, 10-0151 (RCL)

Filed AUG 28 2009
Clerk, U.S. District Court
Western District of Texas
By _____ Deputy

# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CONNIE RHODES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-09-CV-703-XR |
| | § | |
| ROBERT GATES, U.S. SECRETARY OF DEFENSE, *et al.* | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

On this date, the Court considered Plaintiff's application for a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Plaintiff's application is hereby DENIED.

### Federal Rule of Civil Procedure 11

The Federal Rules of Civil Procedure require that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name . . . ." FED. R. CIV. P. .11. "The court must strike an unsigned paper . . . ." *Id.* Likewise, the rules of this Court requires that "[e]very motion shall be signed by at least one attorney of record . . . ." W.D. Tex. Local R. CV-7(a). Plaintiff provided this court with an unsigned application. There is no signature or mark provided by any counsel or the Plaintiff herself to meet the requirements of the Federal Rules of Civil Procedure. *See Becker v. Montgomery*, 532 U.S. 757, 764 (2001). Consequently, this Court is required to strike the application "unless the omission is promptly corrected after being called to the attorney's attention." *See* FED. R. CIV. P. 11. Given the time-sensitive nature under which temporary restraining orders are sought, this Court will continue its evaluation of the

application in the event that Plaintiff complies with the requirements of the federal courts.

## Background

Plaintiff, Captain Connie Rhodes, M.D., ("Rhodes") is an officer of the United States Army and a medical doctor. She received orders to arrive in San Antonio, Texas, to attend the Tactical Combat Medical Care Course at Fort Sam Houston from August 30, 2009, until September 4, 2009. Her orders state that she is scheduled to arrive at Fort Benning in Columbus, Georgia, on September 5, 2009, for deployment to Iraq. Rhodes seeks injunctive relief against the United States Department of Defense based on "reservations regarding the legitimacy of Barack Obama as the Commander-in-Chief." (Application for TRO, Aug. 25, 2009.)

## Analysis

The Federal Rules of Civil Procedure give a court the discretion to issue a temporary restraining order "only if specific facts in an affidavit or verified complaint clearly show the immediate and irreparable injury, loss, or damage will result to the movant . . . and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b). The Fifth Circuit Court of Appeals has repeatedly outlined the standards that a district court is to consider when deciding whether to grant preliminary injunctive relief:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Palmer ex rel. Palmer v. Waxahachie Indep. Sch. Dist.*, __ F.3d __, 2009 WL 2461889, at *2 (5th Cir. Aug. 13, 2009) (quoting *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir.2009)).

Case 1:09-cv-00617-RCL Document 18-4 Filed 03/30/10 Page 3 of 3
Case 5:09-cv-00570-XR Document 13 Filed 08/28/09 Page 3 of 3
Gov't Ex. 4, 10-0151 (RCL)

Plaintiff has no substantial likelihood of success on the merits. Plaintiff presents nothing but conjecture and subjective belief to substantiate the basis for her claims, citing, for example, "opinion" and "doubt." *See, e.g.,* Application for TRO ¶¶ 9, 20. Given that the underlying bases for Plaintiff's claim cannot succeed on the merits, there is no irreparable injury that Plaintiff can suffer. A review of Plaintiff's verified complaint shows that it presents speculation and vague claims that fail to rise to the requirement that it present "specific facts . . . [to] clearly show that immediate and irreparable injury, loss or damage will result . . . ." *See* FED. R. CIV. P. 65(b). As an officer of the United States armed services, Plaintiff is aware that she could receive orders to compel her attendance to fulfill her military duties. Rhodes has received such orders, which are commensurate with the orders issued by commanding officers. Consequently, there is no irreparable injury for this Court to evaluate. Finally, Plaintiff presents no compelling argument that the issuance of a temporary restraining order would serve the public interest.

## Conclusion

Plaintiff's application for a temporary restraining order is hereby DENIED.

It is so ORDERED.

SIGNED this 28th day of August, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE