UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ORLY TAITZ, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 10-0151 (RCL) |
| ) | |
| v. ) | |
| ) | |
| BARACK HUSSEIN OBAMA, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO CONSOLIDATE**

Defendant, Barack H. Obama, respectfully opposes Plaintiff's motion to consolidate (R.17). This case involves a challenge to the President's eligibility for office. In her motion, pro se Plaintiff seeks to consolidate her instant case with the civil action now pending in the U.S. District Court for the Northern District of Florida, brought by thirteen States challenging the constitutionality of the recent health care legislation, and have the consolidated case litigated here in this Court. Plaintiff is not a party to the Florida litigation and her motion to intervene was recently denied by the Florida district court. (Ex. 1 hereto.) This Court lacks jurisdiction to rule on Plaintiff's motion to consolidate and, therefore, the Court should deny it without prejudice.

Plaintiff's motion is styled "Motion to the Judicial Panel on Multidistrict Litigation 28 USC § 1407(c)(ii)" and it cites that statutory provision as authority for the transfer and consolidation. Multidistrict litigation is governed by 28 U.S.C. § 1407 and the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. Under Section 1407, the procedure is explicit that any motion to transfer or consolidate must be filed with the Judicial Panel:

> Proceedings for the transfer of an action under this section may be initiated by--. . . (ii) *motion filed with the panel* by a party in any action in which transfer for coordinated or consolidated pretrial proceedings under this section may be appropriate. A copy of such motion shall be filed in the district court in which the moving party's action is pending.

28 U.S.C. § 1407(c) (emphasis added). It is the judicial panel's role to decide on any such transfer or consolidation, see 28 U.S.C. § 1407(a), and the moving party is expressly required to file a copy of the motion in the other district court where the action is pending, see Multidistrict Litigation Rule 5.2(b) (requiring service of copies of motions to transfer on "the clerk of each district court in which an action is pending that will be affected by the motion.").

Accordingly, to obtain any relief under Section 1407, Plaintiff was obligated to file her motion to consolidate with the Judicial Panel, and serve copies on both this Court and the Florida district court. It does not appear that Plaintiff's motion has yet been filed with the Judicial Panel. Undersigned counsel has received no official notice of filing from the clerk of the Judicial Panel, as would be expected under Rule 7.2(b) upon filing of such a motion with the Judicial Panel. Undersigned counsel called the office of the Clerk of the Judicial Panel this morning, and an employee there indicated that she expected Plaintiff's motion to be filed in the coming days.[1] In any event, Section 1407 does not authorize this Court to resolve Plaintiff's motion.

More generally, Plaintiff cites no authority, and there does not appear to be any, for the proposition that a *transferee* district court could order transfer of a case currently pending in another court to the transferee court. Therefore, even if Plaintiff had not attempted to base her motion on Section 1407, this Court would still lack jurisdiction to grant transfer of, or consolidation with, the Florida civil action. Accord 28 U.S.C. § 1404(a) (authorizing district

---

[1] Undersigned counsel also emailed Plaintiff last week to inquire whether she meant to have this motion resolved by this Court or the Judicial Panel, but Plaintiff has not responded to the email.

2

court to "transfer any civil action *to* any other district or division where it might have been brought.") (emphasis added); 28 U.S.C. § 1631 (authorizing a federal court *where a case is filed* to transfer the case to cure want of jurisdiction).

Because this Court lacks jurisdiction to rule on Plaintiff's motion (R.17), the proper course is deny the motion without prejudice.

In the alternative, should the Court nonetheless determine that it has jurisdiction to resolve Plaintiff's motion, the Court should deny it on the merits for the simple reason that there is little overlap in either the factual claims or the legal bases cited by the respective plaintiffs in the two actions.  See, e.g., In re U. S. Navy Variable Reenlistment Bonus Litigation, 407 F. Supp. 1405 (Jud. Panel Multidistrict Lit. 1976) (looking for common issues of fact rather than law to justify transfer).

For all these reasons, the Court should deny Plaintiff's motion.

April 12, 2010                                          Respectfully submitted,

 

RONALD C. MACHEN JR., D.C. Bar #447889
United States Attorney

 /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

 /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

**Certificate of Service**

I hereby certify that copies of the foregoing Defendant's Opposition to Plaintiff's Motion to Consolidate to be served on pro se Plaintiff via the Court's ECF system and to be served via first class mail on:

    Christopher-Earl Strunk
    593 Vanderbilt Ave., #281
    Brooklyn, NY 11238

on this 12th day of April 2010.

                                /s/
                              ALAN BURCH, D.C. Bar # 470655
                              Assistant United States Attorney