UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 14 2010
U.S. DISTRICT COURT

ORLY TAITZ,
    Plaintiff,

v.

BARACK HUSSEIN OBAMA,
    Defendant.

Civil Action 10-151 (RCL)

## MEMORANDUM OPINION

Before the Court is the defendant's motion [18] to dismiss the first amended complaint and Christopher Strunk's motion [6] to intervene. Also pending before the Court is the plaintiff's motion [17] to consolidate this case with an action currently pending in the United States District Court for the Northern District of Florida. Upon consideration of the motion to dismiss, the applicable law, and the entire record herein the motion will be granted for the reasons set forth below. After consideration of the motion to intervene, the opposition, the applicable law, and the entire record herein the motion will be denied for the reasons set forth below. After consideration of the motion to consolidate, the opposition, and the applicable law, the motion shall be denied without prejudice as this Court lacks jurisdiction to hear it.

I. The Government's Motion to Dismiss

    A. Quo Warranto Claims

Orly Taitz has filed suit seeking this Court to issue a writ of quo warranto against the President of the United States to determine his

1

eligibility for office. *See* D.C. CODE § 16-3501. A writ of quo warranto is a "common-law writ used to inquire the authority by which a public office is held." BLACK'S LAW DICTIONARY 1371 (9th ed. 2009). The District of Columbia Code has two statutes regarding the initiation of a quo warranto proceeding. The first provides that the Attorney General of the United States or the United States Attorney may institute such an action on their own motion or on the relation of a third person. D.C. CODE § 16-3502. If the Attorney General or U.S. Attorney does so on the relation of a third person, they must first seek leave of court. *Id.* The Code also provides that if the Attorney General or U.S. Attorney "refuse[] to institute a quo warranto proceeding on the request of a person interested, the interested person may apply to the court by certified petition for leave to have the writ issued." *Id.* § 16-3503. Ms. Taitz, having contacted the U.S. Attorney for the District of Columbia and the Attorney General of the United States, and not having received an answer to her satisfaction, has elected to seek the writ on her own. Shortly after she filed suit, the government moved to dismiss.

This is one of several such suits filed by Ms. Taitz in her quixotic attempt to prove that President Obama is not a natural born citizen as required by Constitution. *See* U.S. CONST. art. II, § 1. This Court is not willing to go tilting at windmills with her.

The Court of Appeals for this Circuit has held that a quo warranto action against a public official may be brought *only* by the Attorney General

or the U.S. Attorney. *Andrade v. Lauer*, 729 F.2d 1475, 1498 (D.C. Cir. 1984) (Wright, J.) (citing *United States v. Carmody*, 148 F.2d 684, 685 (D.C. Cir. 1945)). The Court of Appeals reasoned that this must be the case because challenges to authority by which a public office is held "involve a right belonging to the whole body of the public which can be protected only by a public representative." *Carmody*, 148 F.2d at 685.

That holding of the Court of Appeals is rooted in the doctrine of standing. To bring a case in federal court a plaintiff must establish that he or she has standing to do so, which is essentially a question of whether "the litigant is entitled to have the court decide the merits of the dispute. . . ." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). There are three elements that form the "irreducible constitutional minimum of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (Scalia, J.). If any one of these three requirements is not met, a plaintiff does not have standing.

The first of these is that the plaintiff must suffer an injury in fact. *Id.* That is an injury must be concrete and particularized and actual or imminent, rather than conjectural or hypothetical. *Id.* Injuries which are general, rather than particularized, are not sufficient to create standing. Indeed, the Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than

it does the public at large—does not state an Article III case or controversy." *Id.* at 573–74. This is precisely the sort of injury that Ms. Taitz alleges and as such she does not have standing to pursue her claim. Because Ms. Taitz is neither the Attorney General of the United States nor the United States Attorney for the District of Columbia, she does not have standing to bring a quo warranto action challenging a public official's right to hold office.[1] Accordingly Ms. Taitz's quo warranto claims are dismissed for lack of standing.[2] *See* FED. R. CIV. P. 12(b)(1).

B. Qui Tam Claims

To bring a claim under the False Claims Act, it must be filed under seal on behalf of the United States and not served on the defendant until ordered by the court. 31 U.S.C. § 3730(b)(2). Failure to comply with these filing procedures results in dismissal of the relator's suit with prejudice. *United States ex rel. LeBlanc v. ITT Indus.*, 492 F. Supp. 2d 303, 305 (S.D.N.Y. 2007) (citing *United States ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, at 999–1000 (2d Cir. 1995)). Ms. Taitz attempts to excuse her failure to file under seal by stating that "[i]n this case the facts are widely known." [Dkt. 21 at 6.] But the qui tam statute provides no exception to the

---

[1] Even if the Court of Appeals' precedent did not firmly preclude Ms. Taitz from bringing suit to challenge President Obama's right to hold office, the one case that discusses the circumstances under which a private person *might* be able to challenge a public official's title to office despite the refusal of the Attorney General or the United States Attorney to act, suggests that the "interested person" bringing the action would have had to be actually entitled to the office herself. *Newman v. United States* ex rel *Frizzell*, 238 U.S. 537, 547 (1915). Ironically enough, Ms. Taitz could never establish such an injury because—as far as the Court is aware—she was not elected president nor could she be as she is not a natural born citizen herself.

[2] Because Ms. Taitz lacks standing to pursue her quo warranto action her motion for a preliminary injunction is denied as moot.

4

requirement a complaint be filed under seal. As Ms. Taitz did not file her complaint under seal as required by section 3730(b)(2), her qui tam claims are dismissed.

C. Freedom of Information Act Claims

Ms. Taitz has also made a claim under the Freedom of Information Act, alleging that she requested "information from the Social Security Administration seeking explanation, why the defendant is using Social Security numbers of other individuals and numbers that were never assigned and what action is Social Security Administration is taking to prosecute this conduct." She also asks that this Court issue a mandamus directing Social Security Administrator Michael J. Astrue to release an application for a Social Security number "submitted in the state of CT to an individual born in 1890" and directing an investigation into "how Obama was able to obtain a social security belonging to an individual born in 1890" and "how Obama was able to use 39 different social security numbers."

The FOIA claim fails for several reasons. The first and most important of which is that she has failed to exhaust her administrative remedies. As the government notes, Ms. Taitz appealed the Social Security Administration's denial of her request on March 15, 2010 and the Social Security Administration has twenty business days from the date it received her notice to consider the administrative appeal. *See* 5 U.S.C. § 552(a)(6)(A)(ii). Even if the SSA received her appeal on the 15th of March,

the period cannot have run until at least April 9th. A plaintiff must exhaust her administrative remedies prior to seeking judicial review of a FOIA claim. *Wilbur v. Central Intelligence Agency*, 355 F.3d 675, 677 (D.C. Cir. 2004). Because Ms. Taitz has failed to exhaust her administrative remedies,[3] her claim will be dismissed.

Mandamus is an extraordinary remedy. The writ will only issue to compel performance of a "clear nondiscretionary duty." *Pittston Coal Group. v. Sebben*, 488 U.S. 105, 121 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 612 (1984)). Ms. Taitz has neither identified any clear nondiscretionary duty that the Social Security Administrator has failed to perform nor one that is owed to her. *See* 28 U.S.C. § 1361. Furthermore, her mandamus claim merely rehashes the claim she made under FOIA, and as another judge of this Court has noted, "[t]he exclusive nature of the FOIA precludes mandamus relief." *Strunk v. U.S. Dep't of State*, 2010 WL 931197, at *1 n.1 (D.D.C. March 15, 2010) (Leon, J.). As such, Ms. Taitz has failed to state a claim upon which relief may be granted. Accordingly, Ms. Taitz's claims for mandamus relief shall be dismissed. *See* FED. R. CIV. P. 12(b)(6).

D. Remaining Claims

*i. Common Law Fraud*

Federal Rule of Civil Procedure 9(b) requires that a plaintiff who alleges fraud or mistake must state with particularity the circumstances

---

[3] Ms. Taitz would be well advised to review the Social Security Administration's FOIA Regulations, in particular 20 C.F.R. § 402.100. *See also* 5 U.S.C. § 552(b)(6); *see generally Sherman v. U.S. Dep't of the Army*, 244 F.3d 357 (5th Cir. 2001).

surrounding the fraud or mistake. A plaintiff must still, of course, comply with Rule 8's requirements as well. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1954 (2009). Ms. Taitz has failed to adequately plead fraud because she has not alleged that (1) that she relied on the defendant's allegedly fraudulent statements and (2) that she was harmed by any such reliance. *Aktiselskabet AF 21. November 2001 v. Fame Jeans Inc.,* 525 F.3d 8, 22–23 (D.C. Cir. 2008) (citing *Va. Acad. of Clinical Psychologists v. Group Hospitalization & Med. Servs., Inc.,* 878 A.2d 1226, 1237–38 (D.C. 2005)). As such her claims for common law fraud shall be dismissed for failure to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6).

   ii. *Section 1983 and Section 1985 Claims*

Plaintiff has failed to state a claim against the defendant under 42 U.S.C. § 1983 because he is a federal officer, and section 1983 does not apply to officers of the federal government. *Settles v. U.S. Parole Comm'n,* 429 F.3d 1098, 1104 (D.C. Cir. 2005). As such Ms. Taitz has failed to state a claim upon which relief can be granted. To the extent that Ms. Taitz is attempting to state a claim against Debra Bowen, the Court notes that Ms. Bowen is not a party to this action.

The plaintiff's claims under 42 U.S.C. § 1985 likewise fail to state a claim upon which relief can be granted. As the Supreme Court observed recently, while Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Iqbal*, 129 S. Ct. at 1949. It must contain sufficient factual allegations that when accepted as true, "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

### iii. RICO Claims

Ms. Taitz's claims under the Racketeer Influenced and Corrupt Organization Act (RICO) are also defective. In order to bring a claim under 18 U.S.C. § 1962 a civil plaintiff must allege:

> (1) That the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce. . . . [P]laintiff must [also] allege that he was "injured in his business or property by reason of [the] violation of § 1962."

*Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983).

The Court first addresses the predicate acts Ms. Taitz has alleged. First of all, neither violations of 42 U.S.C. § 1983 nor 42 U.S.C. §1985 are "racketeering activities" which could be the basis for Ms. Taitz's RICO claim. *See* 18 U.S.C. § 1961(a) (defining which offenses are racketeering activities). They thus are not actionable as violations of section 1962. With respect to the various allegations of fraud—and fraud indeed is a predicate act for purposes of RICO liability—Ms. Taitz has failed to sufficiently plead her claims. To the degree a RICO complaint sounds in fraud, the plaintiff must meet Rule 9(b)'s particularity requirements. *See Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 989 (10th Cir. 1992). As the Court observed

earlier, Ms. Taitz's fraud claims fail to even meet the standards of Rule 8, much less the heightened requirements of Rule 9(b). *Iqbal*, 129 S. Ct. at 1954. As such, she has failed to state a claim upon which relief may be granted and her RICO claims will be dismissed. FED. R. CIV. P. 12(b)(6).

    *iv. Commerce Clause Claims*

Ms. Taitz has also asks this Court to declare that the recently enacted Patient Protection and Affordable Care Act, Pub. L. No. 111-148, violates the commerce clause and/or is unconstitutional because President Obama has not proved that he is a natural born citizen and thus cannot legitimately sign the bill into law. As this Court has already decided, the latter claims presented by Ms. Taitz are generalized grievances about the proper administration of the government for which she does not have standing. *See Lujan*, 504 U.S. at 573–74.

At the time that Ms. Taitz filed her amended complaint, President Obama had not yet signed the Patient Protection and Affordable Care Act into law. Standing is measured, however, at the time of filing. *See, e.g.*, *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1267 (11th Cir. 2001). As the Patient Protection and Affordable Care Act was not signed into law until after her amended complaint was filed, at the time of filing Ms. Taitz did not have an injury that was concrete and particularized and actual or imminent, rather than conjectural or hypothetical. *See Lujan*, 504 U.S. at

560. As such she does not have standing to pursue her claims that the Patient Protection and Affordable Care Act, and they will be dismissed.

Even if Ms. Taitz could establish standing on this point, she has still failed to state a claim upon which relief may be granted as she has done nothing more than provide "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. Her failure to state a claim upon which relief can be granted would prevent her from proceeding here had she established standing.

II. Motion to Intervene

Christopher Strunk has filed a motion to intervene in this suit, which is opposed by the government. The government's opposition was filed out of time and the government has asked for leave to file their opposition, which the prospective intervenor has not objected to. Counsel for the government has met the standard for excusable neglect and the filing shall be permitted. *See Wilson v. Feldman*, 1991 WL 197025, at *1 (D.D.C. Sep. 18, 1991) (Lamberth, J.).

In order to intervene, the prospective intervenor must establish that he too has standing. *Sierra Club v. Van Antwerp*, 523 F. Supp. 2d 5, 9 (D.D.C. 2007) (Lamberth, J.). All of the reasons that preclude the plaintiff in this case from bringing a quo warranto action against the President, similarly apply to the intervenor. As such the motion to intervene shall be denied.

III. Motion to Consolidate

28 U.S.C. § 1407 requires that any motion to consolidate must be filed with the Judicial Panel on Multidistrict Litigation. Section 1407 also states that "[s]uch transfers *shall be made* by the judicial panel on multidistrict litigation. . . ." Given that this decision is committed to the panel, rather than this Court, the Court is bound to deny the motion without prejudice as it lacks the jurisdiction to consider it. Accordingly, the motion will be denied.

IV. Conclusion

For the reasons set forth in this opinion the government's motion to dismiss shall be granted, the plaintiff's motion for a preliminary injunction will be denied as moot, Christopher Strunk's motion to intervene shall be denied, and the plaintiff's motion to consolidate is denied for want of jurisdiction.

A separate order shall issue today.

April 14, 2010.

*[signature]*
ROYCE C. LAMBERTH
Chief Judge
United States District Court