UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ORLY TAITZ, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 10-0151 (RCL) |
| ) | |
| v. ) | |
| ) | |
| BARACK HUSSEIN OBAMA, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S COMBINED OPPOSITION TO (1) PLAINTIFF'S MOTION FOR RECONSIDERATION AND LEAVE TO FILE SECOND AMENDED COMPLAINT, AND (2) MOVANT STRUNK'S MOTION FOR RECONSIDERATION**

Defendant, Barack H. Obama, respectfully opposes both (1) Plaintiff's motion for reconsideration and for leave to file a second amended complaint (R.25), and (2) Movant Strunk's motion for reconsideration (R.26). Plaintiff claims in this case that President Obama committed fraud regarding his qualification for office as a "natural born citizen." This Court recently dismissed the action for lack of constitutional standing. (R.22 & R.23.) For the most part, Plaintiff's instant motion rehashes the same allegations the Court has already rejected and reconsideration of these issues is unwarranted. The only thing new in her motion is her request to add two additional plaintiffs, but this neither provides a basis for reconsideration, nor illustrates any need to retain this particular civil action to prosecute any interests those two persons may seek to vindicate. Strunk's motion similarly raises no points that justify reconsideration.

**Legal Standard for Reconsideration**

The Federal Rules of Civil Procedure allow a party to move to alter or amend a court's judgment within 28 days of entry of such judgment, per Rule 59(e), or to seek relief from a final judgment for certain specified grounds, per Rule 60(b).  In light of those Rules' respective deadlines, "[t]he general rule is that a motion for reconsideration is treated as a F.R.C.P. 59(e) motion if filed within [28] days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter."  Ellipso, Inc. v. Mann, 583 F. Supp. 2d 1, 3 (D.D.C. 2008).  Plaintiff's motion, filed thirteen calendar days after entry of judgment, should be treated as a motion under Rule 59(e), consistent with the recent (nonsubstantive) change in the deadline in Rule 59 from 10 business days to 28 calendar days.

Rule 59(e) does not permit simply re-arguing the same points raised prior to entry of judgment, but sanctions reconsideration only in limited circumstances:

> Whether or not to grant a Rule 59(e) motion is discretionary, but a motion need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.  Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir.1996) (per curiam).

Ellipso, Inc. v. Mann, 253 F.R.D. 1 (D.D.C. 2008).

**Argument**

Plaintiff's motion points to no intervening change in authority, either statutory, case law or otherwise, nor points to new factual allegations or evidence.  Instead, she first repeats in summary fashion the same arguments she raised before regarding her allegations of fraud in social security numbers, her qui tam and FOIA claims, and her claims for common law fraud, sections 1984 and 1985, RICO, and the Commerce Clause.  (R.25.)  None of this shows clear

error of law or a manifest injustice in the dismissal and therefore, none justify reconsideration.

The only new wrinkle Plaintiff adds is the request to add two new plaintiffs. Her explanation for this is brief:

> As an attorney for plaintiffs, Keyes, Lightfoot and others, Taitz has submitted Quo Warranto requests to the Attorney General and US Attorney, who have not responded. Therefore, Taitz is asking for leave of the Court to proceed under Quo Warranto, and in case your Honor does not grant Quo Warranto to the Plaintiff, she moves for Leave of Court to file a Second Amended Complaint with two additional plaintiffs: Presidential candidate from American Independent Party in 2008 election Ambassador Dr. Alan Keyes, as well as Gail Lightfoot, a Vice Presidential candidate for a write in Presidential Candidate Ron Paul.

(R.25 at 5.) Plaintiff has not submitted a proposed Second Amended Complaint, so it is not clear what factual allegations, if any, she proposes to make on their behalf. Nor is there any explanation for why these potential plaintiffs would be better off continuing this civil action instead of filing their own separate civil action. Nor has Plaintiff filed an entry of appearance on their behalf.

In any event, Plaintiff's request to amend her complaint a second time may not be considered unless she first succeeds in persuading the Court to alter or amend its judgment dismissing her case outright. See, e.g., Johnson v. District of Columbia, 244 F.R.D. 1, 4 (D.D.C. 2007). Her request to add new plaintiffs, therefore, is not a proper basis for reconsideration after entry of judgment dismissing the case. Accordingly, the Court should deny both her requests for reconsideration and for leave to amend her complaint a second time.

Moreover, even if the Court were to consider her request to amend, the request should be denied as futile, per Johnson, 244 F.R.D. at 7. First, she has done nothing to challenge the application of the political question doctrine, as argued in Defendant's motion to dismiss (R.18 at

3

13-17), which provides that the question of the eligibility of a particular candidate for office is an issue for the political process in the first instance, and this applies equally to anyone challenging the outcome of the election.  See also Barnett v. Obama, --- F. Supp. 2d ---, 2009 WL 3861788 *16 (C.D. Cal. Oct. 29, 2009) (applying political question doctrine in declining to hear claims on behalf of Keyes and Lightfoot).

     Similarly, Movant Strunk's motion fails to describe any "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," but alleges only that he was not given the opportunity to file a reply in support of his motion to intervene. (R.26 at 2 of 6, per ECF pagination.)  He appears to request until June 17, 2010, to do so.  (Id. at 2 of 6 and 4 of 6.)  Strunk, however, refuses to explain why he needs that long, saying only that he is "unable to discuss [it] until say June 17, 2010," apparently referring to his reasons for requesting the extra time and, perhaps also, his substantive arguments as to denial of intervention.

     Strunk's request suffers an analogous problem as Plaintiff's motion in that the first step must be success in obtaining reconsideration of the dismissal order prior to there being any case in which he could intervene.  In the absence of any explanation why dismissal should be reconsidered, or even any plausible explanation for why the parties and the Court should wait nearly two months for such an explanation, the Court should deny Strunk's request as well.

**Conclusion**

For the foregoing reasons, Defendant asks the Court to deny Plaintiff's motion for reconsideration and leave to file a second amended complaint (R.25), as well as Strunk's motion for reconsideration (R.26).

May 10, 2010                              Respectfully submitted,

RONALD C. MACHEN JR., D.C. Bar #447889
United States Attorney
for the District of Columbia

RUDOLPH CONTRERAS, D.C. Bar # 434122
Chief, Civil Division

by:  /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

**Certificate of Service**

I hereby certify that I caused a copy of the foregoing Defendant's Combined Opposition to (1) Plaintiff's Motion for Reconsideration and Leave to File Second Amended Complaint, and (2) Movant's Strunk's Motion for Reconsideration to be served on pro se Plaintiff via the Court's ECF system, and by first class mail addressed to:

    Christopher-Earl Strunk
    593 Vanderbilt Ave., #281
    Brooklyn, NY 11238

on this 10th day of May 2010.

                                                  /s/
                                         ALAN BURCH, D.C. Bar # 470655
                                         Assistant United States Attorney