

## SOCIAL SECURITY

Refer to:
S9H: AD5672

May 18, 2010

Dr. Orly Taitz, Esq.
29839 Santa Margarita Parkway
Suite 100
Rancho Santa Margarita, CA  92688

Dear Dr. Taitz:

This letter is in response to your March 15, 2010, appeal of the Social Security Administration's (SSA) Freedom of Information Officer's decision that we cannot release information from the records of President Barack Obama to you. After considering all of the facts of the case, I agree with the SSA Freedom of Information Officer's decision to withhold the requested information.

Without a valid consent from President Obama, we cannot comply with your request. The records you requested are subject to the restrictions on disclosure contained in the Privacy Act of 1974 (5 U.S.C. § 552a(b)). The only exception that might permit us to disclose these records to you without consent would be the exception for disclosure required by the Freedom of Information Act (FOIA) (5 U.S.C. § 552).

Exemption 6 of the FOIA does not require agencies to disclose information that would be a clearly unwarranted invasion of personal privacy (See 5 U.S.C. § 552(b)(6)). In considering whether this exemption applies to records, agencies must balance the public interest in disclosure against the privacy interest of the person whose records you are requesting. The Supreme Court set out certain guiding principles for such determinations in Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749 (1989).

According to the Supreme Court case cited above, the only public interest that agencies should consider is whether disclosure of the records would shed light on the way an agency performs its statutory duties. We may not consider the identity of the requester or the purpose for which the person requests the information. While there clearly is a public interest in knowing how SSA administers the Social Security Act, disclosure of records containing personal information about President Obama would not shed light on how the agency performs its statutory duties. Therefore, disclosure of such personal information would be a clearly unwarranted invasion of personal privacy, and the FOIA exempts the records from disclosure.

Page 2 – Dr. Orly Taitz, Esq.

This is our final decision in this matter. If you still believe the decision is incorrect, however, the law permits you to seek review in a district court of the United States.

Sincerely,

Jonathan R. Cantor
Executive Director
Office of Privacy and Disclosure

