UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ORLY TAITZ,
    Plaintiff,

v.                                              Civil Action No. 10-151 (RCL)

BARACK HUSSEIN OBAMA,
    Defendant.

## MEMORANDUM & ORDER

Pending before the Court is plaintiff Orly Taitz's amended combined motion [25] to alter or amend judgment under Federal Rule of Civil Procedure 59(e) and to amend her complaint under Federal Rule of Civil Procedure 15(a) and movant Christopher-Earl Strunk's motion [26] for reconsideration. Upon consideration of both motions, the defendant's combined opposition to the motions, the applicable law, and the entire record, it is hereby ORDERED that both motions [25 & 26] are DENIED for the reasons set forth below.

Whether a district court grants a motion for reconsideration under Federal Rule of Civil procedure 59(e) is discretionary. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). In deciding whether to grant such a motion, the court may consider whether there has been an intervening change in controlling law, whether the litigant has presented new, previously unavailable evidence, or the need to correct a clear error or prevent a manifest injustice. *Id.*; *see also Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998). In other words, Rule 59(e) "permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or

1

to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 128 S.Ct. 2605, 2617 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed.1995)).

Federal Rule of Civil procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). However, once a final judgment has been entered, as is the situation in the instant case, "a court cannot permit an amendment unless the plaintiff first satisfies Rule 59(e)'s more stringent standard for setting aside the judgment." *Ciralsky v. Central Intelligence Agency*, 355 F.3d 661, 673 (D.C. Cir. 2004) (citing *Firestone*, 76 F.3d at 1208); *see also Helm v. Resolution Trust Corp.*, 84 F.3d 874, 879 (7th Cir.1996) (plaintiff "must have first succeeded on a Rule 59(e) . . . motion before the court could grant her leave to file an amended complaint"). However, once a movant meets the stringent standard under Rule 59(e), it is an abuse of discretion to deny a motion for leave to amend unless there is sufficient reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] futility of amendment." *Harris v. Secretary, U.S. Dept. of Veterans Affairs*, 126 F.3d 339, 367 (D.C. Cir. 1997) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### *i.* **Quo Warranto Claims**

Ms. Taitz seeks leave to amend her complaint to add two plaintiffs, Alan Keyes, the America's Independent Party candidate for President, and Gail Lightfoot, who sought the Libertarian Party's nomination for Vice President in 2008. Ms. Taitz has not alleged that these plaintiffs were unavailable to join her first suit at the time it was filed, and that is doubtful as both have been plaintiffs in other cases challenging the President's eligibility to hold office. *See Barnett v. Obama*, 2009 WL 3861788 (C.D. Cal. Oct. 29, 2009). Nor has she identified any

2

intervening change of controlling law or need to correct a clear error or manifest injustice that would permit the Court to grant reconsideration. As such her motion to reconsider the Court's order regarding the quo warranto claims is denied. Accordingly, her motion to amend her complaint pursuant to Rule 15(a) is denied.

Ms. Taitz alleges in her reply that she is presenting new evidence to the Court. Specifically, Ms. Taitz informs the Court that she received a letter from the Department of Justice regarding an unrelated case Ms. Taitz commenced that the judge found to be frivolous. However, this is not "evidence." Evidence is "something . . . that tends to prove or disprove the existence of an alleged fact." BLACK'S LAW DICTIONARY (8th ed. 2004). The receipt of a letter in an unrelated matter is irrelevant to the existence of any alleged fact in the instant action. Therefore, a motion for reconsideration is not the proper vehicle for this additional information.

The Court also notes that even had Ms. Taitz presented some evidence that warranted reconsideration, which she has not, amendment of the complaint to add these two plaintiffs would be futile because they lack standing to pursue a quo warranto action against a public official. *See Andrade v. Lauer*, 729 F.2d 1475, 1498 (D.C. Cir. 1984) (citing *United States v. Carmody*, 148 F.2d 684, 685 (D.C. Cir. 1945) (A quo warranto action against a public official may be brought only by the Attorney General or the U.S. Attorney)).

### *ii.* Freedom of Information Act (FOIA) Claims

Ms. Taitz similarly asks for reconsideration of the Court's dismissal of her FOIA claims for failing to exhaust her administrative remedies prior to filing suit. At the time Ms. Taitz filed suit, the time for her administrative appeal had not run; it has now. Nevertheless, this Court will not revisit her claim, because to do so would be futile. While FOIA generally requires federal agencies to disclose records in their possession upon request, it permits agencies to withhold

records if one of several exemptions applies. One such exemption is the exemption for "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(6). Consequently, Social Security Numbers are not subject to disclosure under FOIA, making inquiry into Ms. Taitz's FOIA claim a fruitless exercise. *See Sherman v. Dep't of the Army*, 244 F.3d 357 (5th Cir. 2001); *Berger v. Internal Revenue Service*, 487 F.Supp.2d 482 (D.N.J. 2007).

### *iii.* **Commerce Clause Claims**

Ms. Taitz requests reconsideration of the Court's dismissal of her Commerce Clause claim, which asked the Court to declare the recently enacted Patient Protection and Affordable Care Act, Pub. L. No. 111-148, invalid. Ms. Taitz claims that because President Obama has not proved that he is a natural born citizen, he thus cannot legitimately sign the bill into law. Additionally, Ms. Taitz asserts that her imminent injury is sufficient for standing.

Yet again, this Court holds that Ms. Taitz does not have standing to raise such generalized grievances. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992) (To establish standing, plaintiffs must satisfy a three-part test: (1) plaintiffs must have suffered an injury in fact, economic or otherwise; (2) there must be a causal connection between plaintiffs' injuries and the challenged action; and (3) a favorable decision in the case must be likely to redress plaintiffs' injuries.). To the contrary, while the U.S. Supreme Court has recognized that taxpayer standing can be sufficient in an Establishment Clause challenge to government action in *Flast v. Cohen*, 392 U.S. 8 (1968), it has refused to create a similar rule for Commerce Clause challenges. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 347-49 (2006); *see also Bowen v. Kendrick*, 487 U.S. 589, 618 (1988) ("Although we have considered the problem of standing and

Article III limitations on federal jurisdiction many times . . . we have consistently adhered to . . . the general rule against taxpayer standing").

In her reply, Ms. Taitz alleges injury in the form of a magazine article that she alleges "shows that there was a concerted effort of intimidation and harassment." Taitz further speculates that the nomination of Elena Kagan is an attempt by the Obama Administration to silence Taitz's allegations of fraud. These allegations lack merit and are a veiled attempt to assert the same claims originally presented in her complaint. Accordingly, Ms. Taitz lacks standing and her motion to reconsider her Commerce Clause claim will be denied.

### *iv.* Fraud and Racketeer Influenced and Corrupt Organizations Act (RICO) Claims

Likewise, Ms. Taitz has not presented the Court with any grounds on which to reconsider its order dismissing her fraud and RICO claims. Instead she makes cursory reference to a number of constitutional amendments, which she states will form the basis of her RICO and fraud claims. Again, Ms. Taitz has not convinced this Court that there is any new, previously unavailable evidence, an intervening change of controlling law, or any need to correct clear error or present manifest injustice. Accordingly, her motion to reconsider will be denied and her motion to amend these claims is likewise denied.

### *v.* Ms. Taitz's Miscellaneous Claims

Ms. Taitz has also asked this Court to pass along her allegations of "numerous felonies" committed by the President to the Attorney General, presumably in the hope that her allegations will result in an investigation by the Department of Justice. While each district court "has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud," *Chambers v. NASCO*, 501 U.S. 32, 44 (1991), Ms. Taitz has presented no

substantive facts to entertain such a theory. Accordingly, her request that the Court forward "evidence" of the President's illegal conduct to the Attorney General is denied.

Lastly, Ms. Taitz asks this Court to grant her admission to the bar of this Court without the required affidavit of an attorney of the bar. However, the Local Rules state that the petition for admission to the bar "*shall* be accompanied by an affidavit or declaration of an attorney who is a member in good standing of the Bar of this Court who has known the applicant for at least one year stating when the affiant was admitted to practice in this Court and how long and under what circumstances the attorney has known the applicant and a statement of the applicant's character and experience at the bar." LCvR 83.8(c) (emphasis added). Accordingly, this Court is without authority to grant Ms. Taitz's petition without the required affidavit or declaration.

### *vi.* Movant Strunk's Notice of Motion for Reconsideration

Similar to Ms. Taitz, Mr. Strunk's motion fails to describe any "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." To the contrary, Mr. Strunk alleges that he was not given an opportunity to file a reply in support of his motion to intervene. Additionally, Mr. Strunk requested an extension of time until June 17, 2010 to file a reply. On June 18, 2010, Mr. Strunk requested yet another extension of time. However, Mr. Strunk provides no proper basis for his extension requests. Accordingly, in the absence of any grounds for reconsideration, the Court denies Mr. Strunk's motion for reconsideration.

Accordingly, for the reasons set forth above, it is hereby ORDERED that

The Plaintiff's motion [25] for reconsideration of this Court's Order [22] dismissing her claims is DENIED; and it is further ORDERED

That Movant Strunk's motion [26] for reconsideration of this Court's Order [22] denying his motion to intervene is DENIED.

**SO ORDERED** this __18th__ day of June, 2010.

_Royce C. Lamberth_
ROYCE C. LAMBERTH
Chief Judge
United States District Court