UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ORLY TAITZ, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 10-0151 (RCL) |
| | ) | |
| v. | ) | |
| | ) | |
| BARACK HUSSEIN OBAMA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
SECOND MOTION FOR RECONSIDERATION**

Defendant, Barack H. Obama, respectfully opposes Plaintiff's second motion for

reconsideration (R.34).  Plaintiff claims in this case that President Obama committed fraud

regarding his qualification for office as a "natural born citizen."  This Court recently dismissed

the action for lack of constitutional standing (R.22 & R.23) and denied Plaintiff's first motion for

reconsideration (R.25 & R.33).  Plaintiff moves under Rule 60(b) but she again presents no

information or arguments that come close to meeting the standard for reconsideration.  Instead,

she rehashes her same arguments and cloaks them as addressing "mistakes of fact" in this Court's

prior decisions.  Viewed under any standard, her motion does nothing to make her claims appear

any stronger than previously presented.

**Legal Standard for Reconsideration**

The Federal Rules also allow a party to seek relief from judgment when a party can

demonstrate "fraud, mistake, extraordinary circumstances, or other enumerated situations."  *See*

Fed. R. Civ. P. 60(b).  *See also Smalls v. United States*, 471 F.3d 186, 191 (D.C. Cir. 2006) ("the

legal error warranting reversal of a denial of reconsideration under Rule 60(b) review must be

clear."); *Ellipso, Inc. v. Mann*, 583 F. Supp. 2d 1, 3 (D.D.C. 2008). "[I]n most cases, the bar

stands even higher for a party to prevail on a Rule 60(b) motion for relief from judgment" than

for relief from judgment under Rule 59(b). *See Uberoi v. Equal Employment Opportunity*

*Commission*, 271 F. Supp. 2d 1, 2 (D.D.C. 2002).

### Argument

The repetition in her arguments is clear from a simple comparison of what Plaintiff says

now to what she argued before in opposing Defendant's motion to dismiss (R.21) and in support

of her amended Rule 59(b) motion for reconsideration (R.25):

1.      "Error of law and fact" in the Court's reading of the quo warranto statute. (R.34

at 2.) Plaintiff made this same argument in her Rule 59(b) motion, where she also alleged that

Alan Keyes and Gail Lightfoot would have standing to bring a quo warranto action. (R.25 at 5.)

Her new motion adds only that:

> Newly discovered transcripts from the Spring session of the Assembly of Kenya,
> specifically a speech by Minister of Lands James Orengo, stating that Obama was born in
> Kenya, suggest that Obama obtained his Certification of Live Birth by fraud, therefore he
> never obtained valid, legal US citizenship, therefore Ambassador Keyes has standing[.]

(R.34 at 3.) This unsupported allegation does nothing to advance her argument, even if it were

taken as true. The Court rejected this argument already (R.33 at 3) and there is nothing here to

suggest that Plaintiff can meet the *higher* standard for reconsideration on Rule 60(b), having

failed in her Rule 59(b) motion.

2.      Plaintiff claims the Court "misunderstood" her Freedom of Information Act

("FOIA") request, based on her argument that President Obama cannot be 120 years old

according to the Social Security number she ascribes to him.  (R.34 at 3-4.)  This too tracks the

same argument she made earlier (R.30 at 3) and does nothing to undermine the Court's rejection

of her FOIA claims on the basis of her failure to exhaust administrative remedies (R.33 at 3).

3.      Plaintiff presents a letter from the Department of Justice from August 2010,

regarding her $20,000 fine as a sanction for frivolous filings in a separate suit challenging the

President's qualifications for office, and argues that this provides new evidence in support of her

claims.  (R.34 at 7, 14-15, 16.)  This does nothing to demonstrate her standing to bring this action

because it too lacks any articulated or plausible connection to the actions of Defendant.  *See*

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Nor is it new.  (R.21 at 4.)

4.      Plaintiff claims to have new evidence in the form of an "additional last name"

allegedly used by President Obama.  (R.34 at 11.)  This fails to address her standing problems

and so does nothing to suggest the need to revive her case.

5.      Plaintiff renews her arguments based on the health care legislation enacted earlier

this year by Congress (R.34 at 16-19), and again adds nothing substantial or reasonably

unavailable from her earlier filings (R.25 at 6).  The Court rejected this before (R.23 at 9-10) and

should reject it again.

6.      Plaintiff points to this Court's decision in *Agudas Chasidei Chabad of United*

*States v. Russian Federation*, No. 05-1548 (D.D.C. July 30, 2010), as support for her argument

that the Court can assert jurisdiction in this case.  The issues in that decision involved a default

judgment under the Foreign Sovereign Immunities Act, *id*. at 4, and simply have nothing to do

with the defects of Plaintiff's claims here.

The remainder of Plaintiff's arguments are meritless on their face.

## **Conclusion**

For the foregoing reasons, Defendant asks the Court to deny Plaintiff's motion for

reconsideration.

September 14, 2010                                  Respectfully submitted,

RONALD C. MACHEN JR., D.C. Bar #447889
United States Attorney
for the District of Columbia

RUDOLPH CONTRERAS, D.C. Bar # 434122
Chief, Civil Division

by:   /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov