Dr. Orly Taitz, Esq.
29839 Santa Margarita Parkway, STE 100
Rancho Santa Margarita CA 92688
Tel: (949) 683-5411; Fax (949) 766-7603
E-Mail: dr_taitz@yahoo.com

UNITED STTES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Dr. Orly Taitz, Esquire, Pro Se, <br>                 Plaintiff | ) <br> ) <br> ) <br> ) | |
| v. | ) <br> ) | Civil Action: |
| Barrack Hussein Obama, <br>                 Defendant | ) <br> ) <br> ) | |

<b><u>Affidavit of John N. Sampson</u></b>

1.    My name is John N. Sampson. I am over 18 years of age, am of sound mind and free of any mental disease or psychological impairment of any kind or condition.

2.    I am a citizen of the United States of America. I am 59 years old, and was born in Jackson Heights, Queens, New York and raised in the State of New York.

3.    I am the Chief Executive Officer, Owner, and Operator, of CSI Consulting and Investigations LLC, a consulting and private investigative firm registered with the Secretary of State of Colorado as a Limited Liability Company pursuant to the laws of the State of Colorado. The company was formed in the State of Colorado on January 2, 2009 and is in good standing with the Secretary of State of Colorado. Colorado does not have any licensing requirements or provisions for private investigators.

4.    I am a retired Senior Deportation Officer of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE), having retired after 25 plus years of credible federal service, on August 30, 2008. (See Exhibit "A", attached)

1

5.      As a result of my former employment, and in furtherance of my current employment, I have appeared as an expert witness in numerous courts throughout the United States, having been admitted as an expert witness in the areas of immigration law, immigration enforcement, immigration fraud, immigration marriage fraud, visa fraud, Violence Against Women Act fraud, and as a forensic document analyst. The States in which I've testified as an expert witness include Colorado, New York, Arizona, Florida, Nebraska. I have also been endorsed as an expert witness relating to the aforementioned areas in California, Massachusetts, and Florida.

6.      I have personal knowledge of all of the facts and circumstances described herein below and will testify in open court to all of the same.

7.      I have received information resulting from the filing of a Freedom Of Information Act (FOIA) request which was filed by Kenneth Allen. This information dealt with the immigration status of Lolo Soetoro, an Indonesian national who was born on January 02, 1935 in Indonesia and who is Defendant's step father. Mr. Soetoro's immigration Alien File, or "A File" number is A30 481 285. (See Exhibit "B", attached)

8. Contained in the aforementioned Immigration file for Mr. Soetoro, are documents that originated with the United States Department of State. USCIS, the custodian of Mr. Soetoro's immigration file, referred those documents to the Department of State so that they could review the documents that originated with the Department of State, in order to determine what was releasable and what was not under the Privacy Act.

9.      A thorough review of Mr. Soetoro's A file reflects that contrary to published accounts in both books written by the Defendant relating to his formative years, as well as published accounts available on the internet, Mr. Soetoro, after having left the United States on July 20, 1966, returned to the United States as an arriving immigrant at Los Angeles International Airport and was admitted as an arriving immigrant, on October 05, 1972.

10.     Mr. Soetoro's immigrant visa was issued based upon an Alien Relative Petition (Form I-130), filed on his behalf by his United States citizen wife, Stanley Ann Soetoro, also known as Stanley Ann Dunham, who was born in Wichita, Kansas on November 29, 1942.

11.     Ms. Soetoro filed the aforementioned I-130 Alien Relative Petition with the United States Immigration and Naturalization Service on October 01, 1965. This was based upon her marriage to Mr. Soetoro on March 15, 1965 which took place in Hawaii.

12.     The aforementioned I-130 Alien Relative Petition was approved by USINS on August 01, 1968, as evidenced by the I-171, Notice of Action released per a FOIA filed by Kenneth Allen of Tucson, Arizona.

13.     This I-171 Notice of Action is one of the documents released by the Department of Homeland Security (DHS), Citizenship and Immigration Services (CIS), which is one of the successor agencies to the former USINS, that was formed in 2003 under the Homeland Security Act.

14. Furthermore, subsequent to his admission as an immigrant, Mr. Soetoro returned to Indonesia. Prior to leaving the United States, there is evidence in the released A file that states Mr. Soetoro obtained a Re-entry permit that would allow him to remain outside the United States for longer than one year. While he was outside the US, he filed an application to extend the validity of his Re-entry Permit.

15. During the application process for extending his re-entry permit, Mr. Soetoro appears to have filed a copy of his 1973 Individual Federal Tax Return showing that he filed as a 'non-resident' which created an issue for the INS in approving Mr. Soetoro's application to extend his re-entry permit. The issue revolved around whether he was a resident alien in an immigration sense, or a non resident for the purposes of the Internal Revenue Service.

16. What is certain is that during the period of 1974, there are communications from Stanley Ann Soetoro, nee Dunham, interceding on Mr. Soetoro's behalf, to get his re-entry permit extended. This appears to contradict published accounts claiming that once Stanley Ann Dunham left Indonesia in 1971 or 1972, she and Mr. Soetoro separated and were estranged. The last communication from Ms. Soetoro to USINS is dated May 01, 1974 to John O'Shea, the then District Director of USINS in Honolulu, Hawaii, in which she states: "As I informed you by telephone, the American Embassy is refusing my husband an extension of reentry permit on the grounds that he filed a 1973 non-resident tax return. This erroneous information is based upon a letter sent by your office."

17. In their response to Mr. Allen, USCIS claims they found 111 pages responsive to Mr. Allen's FOIA request. 83 pages were released in their entirety. 6 pages were released in part. 7 pages were withheld in full. The rationale for withholding these pages either in part or in their entirety were Privacy Act concerns. However, both Mr. Soetoro and Ms. Dunham (aka: Ms. Soetoro) are deceased and have been deceased for some time. It was stated that part of the withheld documentation dealt with income tax records which were not releasable under IRS regulations and/or the tax code. However, again, both Mr. Soetoro and Ms. Dunham (aka: Soetoro) are deceased and therefore do not enjoy Privacy Act protection. They also referred 16 pages to the United States Department of State.

18. In cases where a US citizen files an Alien Relative Petition on behalf of their foreign born spouse, certain documents are required to be filed with that petition. They include but are not limited to: the US citizen's birth certificate showing birth in the US or in the alternative, their Naturalization Certificate showing they are a United States citizen by naturalization; Form G-325 which is a Biographical Information sheet showing names of prior and current spouses, addresses where the party has lived for the preceding five years, names of their parents and places of birth of their parents, the petitioner's name and all other names used in the past, their date of birth and place of birth; their Social Security number, and other biometric information; birth certificates of any children that would be deriving an immigration benefit based upon the alien parent's immigrant visa.

19. Also listed on the I-130 Alien Relative Petition is the names, dates of birth, and places of birth of all children relating to the alien beneficiary of this petition. There is no provision on an I-130 Alien Relative Petition to list United States citizen children. The rationale is simple. There

3

would be no need to list any US citizen children since USINS would lack jurisdiction over any US citizen for the purposes of alien registration.

20.     Of the 7 pages withheld in their entirety by USCIS, with USCIS citing Privacy Act concerns or protections, what is conspicuously missing from the FOIA release are: the actual I-130 Alien Relative Petition filed by Stanley Ann Soetoro, nee Dunham, on behalf of Lolo Soetoro; a copy of her birth certificate or other documentation showing she was a United States citizen; the 1973 Income Tax Return that was at issue over the extension of Mr. Soetoro's re-entry permit; Mr. Soetoro's Indonesian birth certificate or other proof of Indonesian citizenship and identity; and any affidavit of support Ms. Soetoro, nee Dunham, filed on Mr. Soetoro's behalf which would have been required, as well as copies of any birth certificates for any children who were not US citizens and were accompanying or following to join Mr. Soetoro, to the United States.

21.     The United States Department of State in their response to Mr. Allen's FOIA of State Department Records related to his FOIA request of USCIS, stated that they found "one document consisting of fourteen pages originated with the Department of State." That 14 page document was referred to the Department of State by USCIS for "appropriate action". The Department of State went on to state that "the one document has been divided into nine for processing purposes". After reviewing the nine documents it was determined that four were eligible for full release and five were withheld in their entirety.

22.     What is conspicuously missing and what has not been released are any and all documents contained within the Immigrant Visa Application packet Mr. Soetoro completed prior to emigrating to the United States. This includes, but is not limited to: the actual application Mr. Soetoro completed for his immigrant visa, any supporting documents, such as police clearance certificates and the like, submitted in support of his immigrant visa application, and any documentation listing any children either accompanying Mr. Soetoro or following to join Mr. Soetoro.

23.     Given the fact that Mr. Soetoro and Ms. Soetoro, nee Dunham, are deceased, and have been for some time, one must conclude, given the explanation given to Mr. Allen by USCIS as to why they partially redacted some documents and totally withheld others, that there must be listed within these withheld and/or redacted documents, the name and other identifying information of a living individual who would have been part of the immigrant visa issuing process, and that the release of this indentifying information would be a violation of the Privacy Act.

24.     I also have in my possession, information provided to Christopher Strunk resulting from Mr. Strunk filing a FOIA with the United States Department of State, requesting passport application data related to Stanley Ann Dunham. According to the Department of State, six documents were located and were released to Mr. Strunk in their entirety.

25.     These documents are passport applications and other documents connected with passports issued to Stanley Ann Dunham, Defendant's biological mother. (See Exhibit "C", attached)

26. A review of the passport applications and other passport related documents reflect the following:

27. The application filed in July of 1965 by Ms. Dunham for her US Passport, is no longer in existence. The State Department claims that this document was destroyed pursuant to General Service Administration (GSA) guidelines, sometime in the 1980's. However, other documents relating to Ms. Dunham dated 1967 and 1968 remain in existence and were released as well as documents issued in 1972 and later.

28. State Department Form DSP-19, Application for Amendment of Passport, dated 6-29-67, in which she changes her name from Stanley Ann Dunham to Stanley Ann Soetoro. It should be noted that although there is a block calling for the inclusion of any children she had, that block was left blank. This was done prior to her departure to Indonesia from Hawaii in October of 1967.

29. State Department Form FS-299, Application for Renewal, Extension, or Amendment of Passport, dated August 13, 1968, and completed in, and filed with the American Consulate, in Djakarta, Indonesia. Ms. Dunham's passport that was issued on July 19, 1965, was renewed and was valid until July 18, 1970. On that application, in a block entitled "Amend to Include (Exclude) Children, the following handwritten entry appears: "Barack Hussein Obama (Soebarkah) with five diagonal lines drawn through the annotation running from upper left to lower right. This appears to signify that Ms. Dunham - Soetoro purposefully excluded Barack Hussein Obama (Soebarkah) from her US Passport.

30. State Department Form DS-1423, Request by United States National for and Report of Exception to Section 53.1, Title 22 of the Code of Federal Regulations. This form is used when a US citizen applies for admission to the United States and does not have a valid, unexpired, US Passport. In this instance, Stanley Ann Soetoro, arrived at Honolulu, Hawaii on October 21, 1971 via Pan American Airlines Flight 812, bearing US Passport F777788, issued in Hawaii on July 19, 1965, and which has been renewed until July 18, 1970. As a result of arriving in the US with an expired passport, Stanley Ann Dunham was required to pay a fee and complete the aforementioned form. The document shows she departed the US enroute to Indonesia in October of 1967 aboard Japan Airlines.

31. It is unknown if Stanley Ann Dunham had included Defendant as her minor child in her US Passport issued on July 19, 1965, or not. As stated previously, that application is purportedly destroyed and no longer exists.

32. It is unknown, and therefore, I cannot opine, as to what US passports, if any, were issued to Defendant from the time of his birth through the time he reached the age of 21, nor is it known for certain, and therefore I cannot opine as to if Defendant was issued a passport by the Government of Indonesia in either the name of Barack Hussein Obama or any other name, to include, but not limited to, Barry Soetoro, Barry Soebarkah, or any other name.

33. I swear under the penalties of perjury that all the facts stated and circumstances described above are true and correct to the best of my knowledge and belief.

34. I have not been compensated for making this affidavit.

Further, Affiant sayeth not.

Signed and executed in Strasburg, Colorado on this 23rd day of September, 2010.

By: _____
John N. Sampson

Signed and subscribed to this 23rd day of September, 2010 in Strasburg, Adams County, State of Colorado.

_____
Notary Public  Adams County, Colorado

my commission expires 1-11-11



Office of Detention and Removal Operations

U.S. Department of Homeland Security
425 I Street, NW
Washington, DC 20536

U.S. Immigration
and Customs
Enforcement

AUG 22 2008

Mr. John Sampson
Office of Detention and Removal Operations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
Denver Field Office
4730 Paris Street
Denver, CO 80239

Dear Mr. Sampson:

On the occasion of your retirement after more than 25 years of service, I would like to take this opportunity to express my sincerest appreciation and best wishes.

In the course of your dedicated service to the Immigration and Naturalization Service and your time with the Department of Homeland Security, U.S. Immigration and Customs Enforcement, we have seen many changes and accomplishments and you have contributed significantly to those. Your expertise and professionalism were displayed in all aspects of your work.

You have distinguished yourself through the years and you should feel proud of your lasting accomplishments. Your knowledge and dedication will be greatly missed, but know that the program and agency have benefited greatly because of your work and numerous contributions.

On behalf of the Office of Detention and Removal Operations, I extend our most sincere appreciation. We wish you all the best in your future endeavors and much happiness for you and your family.

Sincerely,

James T. Hayes, Jr.
Acting Director

www.ice.gov



# U.S. Immigration and Customs Enforcement

## Certificate of Appreciation
Presented to

*John N. Sampson*

In recognition of 25 years of Federal Service

U.S. Immigration and Customs Enforcement
Office of Detention and Removal Operations
Washington, DC

August 2008

James T. Hayes
Acting Director
Office of Detention and Removal Operations