UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ORLY TAITZ,** | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | Civil Action No. 10-151 |
| v. | ) | |
| | ) | |
| **BARACK HUSSEIN OBAMA,** | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM & ORDER

Pending before the Court is plaintiff Orly Taitz's second motion [34] for reconsideration under Federal Rule of Civil Procedure 60(b). Upon consideration of the motion, the opposition, the reply thereto, the applicable law, and the entire record herein, the Court will deny the motion for the reasons set forth below.

### I. BACKGROUND

Plaintiff filed suit seeking, among other relief, a writ of quo warranto against the President to determine his eligibility for office. On April 14, 2010, the Court granted [22, 23] defendant's motion to dismiss plaintiff's first amended complaint. On June 18, 2010, the Court denied [33] plaintiff's first amended motion for reconsideration under Rule 59(e) [25]. Plaintiff has now filed a second motion for reconsideration under Rule 60(b).

### II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from an otherwise final judgment or order for one of the following six reasons:

1

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A party must make a Rule 60(b) motion "within a reasonable time," and for subsections (1)–(3), "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1).

As this Court has noted, motions to amend a judgment under Rule 59(e) are disfavored and should be granted only in extraordinary circumstances. *Liberty Prop. Trust v. Republic Props. Corp.*, 570 F. Supp. 2d 95, 97 (D.D.C. 2008) (citing *Niedermeir v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)). But the standards that govern Rule 60(b) are even more restrictive. *United States v. Pollard*, 290 F. Supp. 2d 153, 156–58 (D.D.C. 2003). Indeed, "in most cases, the bar stands even higher for a party to prevail on a Rule 60(b) motion for relief from judgment" than on a Rule 59(e) motion. *Uberoi v. Equal Emp't Opportunity Comm'n*, 271 F. Supp. 2d 1, 2 (D.D.C. 2002).

To the extent that a party cannot demonstrate one of the specific situations enumerated in subsections (1)–(5) of Rule 60(b), the catch-all clause in Rule 60(b)(6) permits relief from a final judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6), however, applies only to extraordinary situations and should be sparingly used. *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1140 (D.C. Cir. 1988) (citations omitted); *see*

*also Pollard*, 290 F. Supp. 2d at 157. Reconsideration is proper under Rule 60(b)(6) only "when a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust." *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980); *see also Pollard*, 290 F. Supp. 2d at 157.

### III. ANALYSIS

#### A. Quo Warranto Claims

Plaintiff seeks reconsideration of the Court's dismissal of her quo warranto claims under Rules 60(b)(1) and 60(b)(6). In support of her motion, she alleges a mistake of fact and law in the Court's denial of her motion for reconsideration under Rule 59(e). Specifically, plaintiff contests the Court's statement that "amendment of the complaint to add [Alan Keyes and Gail Lightfoot] would be futile because they lack standing to pursue a quo warranto action against a public official."

At the outset, the Court notes that plaintiff improperly alleges a mistake in the denial of her motion under Rule 59(e) as grounds for relief under Rule 60(b). Plaintiff is asking the Court to reconsider its dismissal of her amended complaint. She therefore must identify a mistake in the Court's dismissal, not in its denial of her first motion for reconsideration, to merit relief under Rule 60(b). *See* Fed. R. Civ. P. 60(b)

Nevertheless, the Court has already addressed plaintiff's argument. Plaintiff sought leave to amend her complaint in her first motion for reconsideration, asserting that Keyes and Lightfoot would have standing to bring a quo warranto action. The Court denied the motion with regard to the quo warranto claims because plaintiff had not alleged that Keyes and Lightfoot were unavailable to join her suit at the time of filing, nor had she identified an intervening

change in controlling law or need to correct a clear error or manifest injustice. The Court further noted that amendment of plaintiff's complaint would be futile because Keyes and Lightfoot lack standing to pursue a quo warranto action against a public official. Contrary to plaintiff's repeated assertions, the Court of Appeals for the D.C. Circuit has held that only the Attorney General may bring a quo warranto action against a public official. *Andrade v. Lauer*, 729 F.2d 1475, 1498 (D.C. Cir. 1984) (citing *United States v. Carmody*, 148 F.2d 684, 685 (D.C. Cir. 1945)) ("[T]his court has stated that actions against public officials (as opposed to actions brought against officers of private corporations) can *only* be instituted by the Attorney General.").

In her second motion for reconsideration, plaintiff adds nothing but further allegations of the President's ineligibility for office. She offers no new factual or legal argument meriting reconsideration under Rule 60(b)(1). Nor has she identified any "previously undisclosed fact so central to the litigation" justifying relief under Rule 60(b)(6). *Good Luck Nursing Home, Inc.*, 636 F.2d at 577. Accordingly, the Court will deny plaintiff's motion with regard to her quo warranto claims.

### B. Freedom of Information Act ("FOIA") Claims

Plaintiff seeks reconsideration of the Court's dismissal of her FOIA claims under Rule 60(b)(1). In support of her motion, she alleges a mistake of fact in the Court's denial of her motion for reconsideration under Rule 59(e). Plaintiff suggests that the Court "misunderstood" her FOIA request. She alleges that the President is using a stolen Social Security number, and that he therefore has no standing to object to her request because "one does not have an expectation of personal privacy in someone else's stolen records." In her reply to defendant's opposition, plaintiff further argues that the requested Social Security application does not fall

4

within FOIA Exemption 6. Specifically, she contends that there would be no invasion of personal privacy because she does not seek the name on the application.

Once again, plaintiff improperly alleges a mistake in the denial of her motion under Rule 59(e) as grounds for relief under Rule 60(b). Indeed, the Court did not misunderstand plaintiff's FOIA request; rather, plaintiff misunderstands the Court. The Court dismissed plaintiff's FOIA claims for failure to exhaust administrative remedies prior to filing suit. In denying her first motion for reconsideration, the Court further noted that Social Security numbers are not subject to disclosure under FOIA. *See* 5 U.S.C. § 552(b)(6) (enumerating the exemption for "personnel and medical files and similar files the discourse of which would constitute a clearly unwarranted invasion of privacy"); *see also Sherman v. Dep't of the Army*, 244 F.3d 357, 364–65 (5th Cir. 2001) (holding that disclosure of Social Security numbers in personnel files would constitute a clearly unwarranted invasion of personal privacy under Exemption 6).

Plaintiff's arguments do nothing to undermine the Court's dismissal of her FOIA claims for failure to exhaust administrative remedies. Moreover, plaintiff fails to identify any mistake in the Court's dismissal of her complaint that would merit reconsideration under Rule 60(b)(1). Accordingly, the Court will deny plaintiff's motion with regard to her FOIA claims.

### C.  Standing

Plaintiff contests the dismissal of her complaint for lack of standing, asserting that new evidence now gives her standing. First, plaintiff presents a letter from the Department of Justice regarding her $20,000 sanction for frivolous filings in a separate suit challenging the President's eligibility for office. Plaintiff contends that this sanction is evidence of injury resulting from "fraud committed by Obama, which caused Judge Land to believe that Taitz's action of doubting

Obama was frivolous." Second, plaintiff claims to have evidence of an "additional last name" allegedly used by the President, which "tends to show that Obama indeed committed fraud . . . [and] that she has suffered due to fraud committed by him."

Plaintiff's sanction does not constitute new evidence under Rule 60(b)(2). Judge Land imposed a Rule 11 sanction on plaintiff on October 13, 2009. *See Rhodes v. MacDonald*, 670 F. Supp. 2d 1363 (M.D.Ga. 2009). Plaintiff filed her first amended complaint with this Court on March 22, 2010. Plaintiff cannot now use her Rule 60(b) motion to allege facts known to her at the time she filed her amended complaint. *See* Fed. R. Civ. P. 60(b)(2) (permitting reconsideration for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)").

Even if plaintiff were offering "newly discovered evidence," the Court holds once again that she does not have standing to assert generalized grievances. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573–74 (1992). There is no causal connection between plaintiff's sanction for frivolous filings and the President's alleged conduct, nor can this Court redress the alleged injury by vacating another court's sanction. *See id.* at 560–61. Moreover, absent causation and redressability, plaintiff's alleged evidence of fraudulent conduct does nothing to establish standing. Plaintiff thus offers no evidence meriting reconsideration under Rule 60(b).

Plaintiff also raises new legal theories in an effort to establish standing. First, she alleges injury based on a Good Samaritan theory. The Court will not consider this argument, as plaintiff cannot use her Rule 60(b) motion to raise legal arguments that were available to her at the time of filing. Second, she argues that her $20,000 sanction now gives her "interested person" status under the quo warranto statute. The Court again refers plaintiff to its dismissal of her complaint,

6

which explains that only the Attorney General may bring a quo warranto action against a public official. *See Andrade*, 729 F.2d at 1498. Plaintiff thus offers no legal basis for reconsideration under Rule 60(b).

### D. Honest Services Fraud Claim

Plaintiff raises a new claim under 18 U.S.C. § 1346, asserting that her $20,000 sanction represents a scheme to deprive her of honest services. Here, she does not seek reconsideration of the Court's dismissal of her complaint. Rather, she is asking the Court to consider a new claim, apparently on the basis of "newly discovered evidence" under Rule 60(b)(2). As noted above, however, plaintiff's sanction does not constitute new evidence. Therefore, the Court will not consider a legal argument that plaintiff could have raised in her complaint.

### E. Commerce Clause Claims

Plaintiff renews her arguments based on the Patient Protection and Affordable Care Act. The Court dismissed her Commerce Clause claims for lack of standing. Plaintiff now asserts that the healthcare legislation violates the Fourteenth Amendment Equal Protection Clause and the Establishment Clause.

Contrary to plaintiff's assertion, the Court did not state that plaintiff could proceed under the Establishment Clause. The Court simply recognized that taxpayer standing may be sufficient in an Establishment Clause challenge to government action. Regardless, plaintiff cannot use her Rule 60(b) motion to raise legal arguments that were available to her at the time of filing. Therefore, the Court will not address plaintiff's new claims.

### F. *Chabad* Decision

Plaintiff points to this Court's recent decision in *Agudas Chasidei Chabad of United States v. Russian Federation*, No. 05-1548, 2010 WL 3033485 (D.D.C. July 20, 2010), as a "new legal finding" that supports the Court's jurisdiction in the instant action. *Chabad* involved a default judgment under the Foreign Sovereign Immunities Act and simply has nothing to do with plaintiff's claims. Plaintiff thus gives the Court no basis for reconsideration under Rule 60(b).

### G. Factual Arguments in Plaintiff's Reply

To the extent that plaintiff offers new factual arguments in her reply to defendant's opposition, the Court will disregard these arguments. Courts ordinarily decline to consider arguments that are raised for the first time in a reply to an opposition. *See Public Citizen Health Research Group v. Nat'l Institutes of Health*, 209 F. Supp. 2d 37, 43–44 (D.D.C. 2002) ("The Court highly disfavors parties creating new arguments at the reply stage that were not fully briefed during the litigation."); *Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998) ("The reason for this rule of waiver is that a reply brief containing new theories deprives the respondent of an opportunity to brief those new issues."). Accordingly, new factual arguments in plaintiff's reply provide no basis for reconsideration under Rule 60(b).

## IV. CONCLUSION

For the reasons set forth above, it is hereby

ORDERED that plaintiff's motion [34] for reconsideration of this Court's Order [22] dismissing her claims is DENIED.

**SO ORDERED.**

Signed by Royce C. Lamberth, Chief Judge, on December 9, 2010.